UNITED STATES *v.* AMERICAN EXPRESS CO. (No. 1261).[1]

CHAMOIS OR CHAMOIS SKIN.

These pieces of chamois or chamois skin, the terms being interchangeable, have not become manufactures of leather by being cut into particular sizes and by having their edges scalloped. They remain chamois or chamois skin and were dutiable as such under paragraph 451 tariff act of 1909.

## United States Court of Customs Appeals, January 29, 1914.

APPEAL from Board of United States General Appraisers, Abstract 32274 (T. D. 33578).

[Affirmed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *Charles D. Lawrence,* special attorney, on the brief), for the United States.

*Comstock & Washburn* for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The question in this case is whether an importation described in the answer to the protest as "articles of chamois, with cut-out edges, known as face chamois" is dutiable at 40 per cent ad valorem as a manufacture of leather under paragraph 452 of the tariff act of 1909, as assessed, or at 20 per cent ad valorem as "chamois skin" under

---

[1] Reported in T. D. 34170 (26 Treas. Dec., 237).

paragraph 451, as claimed by the importer and held by the Board of General Appraisers.

The sample of the merchandise used as an exhibit is a small piece of ordinary chamois about 9 by 6½ inches with scalloped edges. The case is here upon the record and files. no parol testimony having been taken by the board. It is unnecessary to quote in full either of the competing paragraphs. Paragraph 452, so far as pertinent, relates to "manufactures of leather not specially provided for" and paragraph 451 to "chamois skin," and if the latter term more specifically describes the merchandise in question than the former, the board should be sustained.

It is well known that originally the term "chamois or chamois skin," as applied to merchandise of this character, related to the skin or some product thereof of the chamois, an animal found in the mountainous districts of Europe and Asia, said to be about the size of a full-grown goat.

We think it is equally now well known that it relates to a soft leather made from various skins, perhaps most often from sheepskin, so tanned, dressed, or prepared that it is very soft and pliable. (See Century and Murray's New English dictionaries.)

As it is commonly understood we think the term "chamois" or "chamois skin," and we also think they are used interchangeably, relates to this kind of tanned and dressed skin often if not generally in pieces smaller than the size of the skin of the animal from which it was originally taken. It is a commodity that is devoted to a multitude of uses. We assume that by the term "face chamois" adopted by the appraiser in his answer to the protest it is implied that the particular importation in his opinion was designed to be used for toilet purposes, but there is nothing about the article itself that limits or confines it to that use and it may equally well be applied to some of the many other uses to which chamois itself is applied.

Whatever may be the use or uses to which it may be applied it is, however, chamois or chamois skin, and therefore specifically provided for in paragraph 451. It has not been manufactured into any of the articles named in paragraph 452 and is in no sense a manufacture of leather thereunder unless the cutting into the particular size in question and the scalloping of the edges be so regarded. We think the operations thereby involved do not have that effect, for, as stated, the article is still chamois or chamois skin within the common understanding of the meaning of that term.

A similar view was adopted by the Board of General Appraisers in G. A. 7425 (T. D. 33143).

The judgment of the Board of General Appraisers ought to be, and it is, *affirmed.*